LEWIS KOHN & WALKER, LLP
KENT M. WALKER (173700)
kwalker@lewiskohn.com
15030 Avenue of Science, Suite 201
San Diego, CA 92128
Phone: (858) 436-1333
Fax: (858) 436-1349

CARLSON, GASKEY & OLDS, P.C.
Steven Susser, Esq.
Timothy J. Murphy, Esq.
Alex Szypa, Esq.
*To seek pro hac vice admittance*
400 West Maple Road, Suite 350
Birmingham, MI 48009
(248) 988-8360 (Telephone)

Attorneys for Plaintiffs, ZLab S.A.,
SS Group Holdings, & Shenzen Yibo Tech. Co.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZLAB S.A.,<br>SS GROUP HOLDINGS &<br>SHENZEN YIBO TECH. CO.,<br><br>Plaintiffs,<br><br>v.<br><br>JUUL LABS, INC.,<br><br>Defendant. | Case No. _____<br><br>**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ZLab S.A. ("ZLab"), SS Group Holdings ("SS Group" formerly known as Ziip Lab Co., Ltd.), and Shenzen Yibo Technology Co. ("Yibo") (hereinafter together "Ziip"), by and through their attorneys, hereby bring this action against Defendant Juul Labs, Inc. (hereinafter "Juul"), and allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for false and misleading advertising, intentional and negligent interference with business relations, trade libel, and unfair competition brought by Ziip against Juul.

2.      Ziip seeks injunctive relief, damages and other relief for false and misleading advertising pursuant to Title 15 of the United States Code ("the Lanham Act"), for Unfair Competition pursuant to California's Unfair Competition Law - Cal. Bus. & Prof. Code § 17200 *et seq.*, (the "UCL"), for False Advertising pursuant to California's False Advertising Law - Cal. Bus. & Prof. Code § 17500 *et seq.* (the "FAL"), and for tortious interference with business relationships and trade libel under California common law.

**THE PARTIES**

3.      ZLab is a foreign company organized and existing under the laws of Uruguay, having a principal place of business at Ave. Golero, 911 Office 27, Punta del Este, Maldonado, Uruguay, 20100.

4.      SS Group Holdings was formerly known as Ziip Lab Co., Ltd., and is a foreign company organized and existing under the laws of China, having a principal place of business at E District 4F, 5 Building, Wen Ge Industrial Zone, Heshuikou, Gongming St., Guangming New District, Shenzhen City, Guangdong Province, China 518106.

5.      Yibo is a foreign company organized and existing under the laws of China, having a principal place of business at 1F-4F, 3rd Building, Laowei, Tiantou Community, Pingshan Sub-District, Pingshan New District, Shenzhen City, Guangdong Province, China 518118.

6.      Upon information and belief, Juul is a privately held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

**JURISDICTION AND VENUE**

7.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (false advertising).

8.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the state law claims of intentional and negligent interference with prospective business relationships, trade libel, and violations of the UCL and FAL, as stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

9.      Defendants are subject to personal jurisdiction in this Court.  Defendants reside in this judicial district. Defendants have engaged in continuous, systematic and substantial activities within this judicial district, including substantial marketing and sales of products within and directed to this judicial district. Upon information and belief, Defendants have also committed acts giving rise to Ziip's claims for false and misleading advertising, intentional and negligent interference with business relationships, trade libel, and violations of the UCL and FLA within and directed to this judicial district.

10.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

11.      This action arises in San Francisco County and/or San Mateo County because a substantial part of the events giving rise to the claim occurred in San Francisco County and/or San Mateo County. Accordingly, assignment to the San Francisco or Oakland Divisions is proper pursuant to Local Civil Rule 3-2(c) and (d).

## BACKGROUND

12.      Ziip is in the business of manufacturing e-cigarette products and selling them globally, including importing them into the United States.

13.      As part of its business, Ziip imports e-cigarette products into the United States.

14.      Among other things, Ziip manufactures and sells an electronic nicotine delivery system (ENDS) including a device, which includes a rechargeable battery, and replaceable pods configured to connect to the device. The device is configured to heat an e-liquid, which includes nicotine, within the replaceable pods to form an aerosol, which is then inhaled by a user.

15.     Juul also sells an electronic nicotine delivery system including a device known as the Juul Device and replaceable pods known as Juul Pods.

16.     Ziip sells replaceable pods that are compatible with the Juul Device, meaning consumers can use Ziip's pods with the Juul Device. Herein, such pods will be referred to as Juul-compatible.

17.     Ziip's Juul-compatible pods are high quality, and at least some consumers prefer them to Juul Pods.

18.     Ziip's Juul-compatible pods are less expensive than Juul Pods.

19.     Ziip's Juul-compatible pods offer consumers a high quality, reasonably priced replaceable pod option other than Juul Pods.

20.     Juul would prefer that consumers buy all their replaceable pods from Juul rather than from Ziip.

21.     Juul has initiated numerous legal proceedings including alleged patent infringement and other allegations in an attempt to force Ziip out of the market.

22.     Juul has initiated ITC investigations against Ziip including ITC Investigation 337-TA-1139 and ITC Investigation 337-TA-1141 (herein the "ITC investigations").

23.     Juul has filed a lawsuit against Ziip, among others, in this Court (Case No. 3:18-cv-06094), in the District Court for the Northern District of Illinois (Case No. 18-CV-7715), and in the District Court for the Southern District of Florida (Case No. 18-cv-62836-BB) alleging infringement of most of the same Juul patents at issue in the ITC investigations.

24.     Not satisfied with these actions, Juul also filed another lawsuit against Ziip, among others, in the District Court for the District of New Jersey (Case No. 2:19-cv-08405) alleging design patent infringement, unfair competition, tortious interference with prospective economic advantage, unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation.

25.     In the New Jersey case, Juul sought a preliminary injunction based on design patent infringement and alleged unfair competition.

26.     The New Jersey court denied the motion for preliminary injunction.

27.     After the denial of their preliminary injunction motion, Juul dismissed the New Jersey case without prejudice. The other cases in this district, Illinois, and Florida are stayed pending resolution of the ITC investigations.

28.     Nonetheless, Juul has sought other avenues to enjoin competition from Ziip. Having failed thus far, Juul has recently taken it upon itself to provide false and misleading statements to Ziip's customers to mislead them about Ziip's actions and improperly induce them to stop conducting business with Ziip.

## FALSE AND MISLEADING STATEMENTS

29.     On June 7, 2019, Juul, through its attorneys, sent letters to numerous third parties related to "Sales of Juul-compatible Nicotine Cartridges Produced by Ziip."

30.     A partial copy of one of the June 7, 2019 letters (with customer information redacted) is attached as Exhibit 1 ("Juul Letter").

31.     Upon information and belief, on or around June 7, 2019, substantially similar letters, changing only names and addresses, were sent to multiple customers of Ziip who sell and/or distribute Juul-compatible nicotine cartridges in the United States.

32.     Upon information and belief, each Juul Letter includes false statements.

33.     Upon information and belief, at a minimum, each Juul Letter includes statements that are misleading to the letter recipient.

34.     Upon information and belief, at a minimum, each Juul Letter was sent to a current or prospective Ziip customer.

35.     Upon information and belief, Juul improperly used Ziip's confidential customer information to send the Juul Letter to at least certain Ziip customers.

The Infringement Statements

36. At least one and, upon information and belief, each Juul Letter stated to the intended recipient that Juul Labs was seeking that third parties' assistance with an "important issue."

37. At least one and, upon information and belief, each Juul Letter identifies two investigations at the International Trade Commission ("ITC") against Ziip.

38. At least one and, upon information and belief, each Juul Letter makes the following statements (herein the "Infringement Statements"):

- "The ITC will hold trials in these Investigations later this year, but in the meantime, Ziip has stipulated that Juul Labs has met its burden of showing that ***all Juul-compatible cartridges manufactured by Ziip infringe all of*** the patent claims Juul Labs asserted in the ITC investigations."  (emphasis in original).

- **"Accordingly, we request that to the extent you have sold or are selling any Ziip-manufactured, Juul-compatible products that Ziip has admitted infringe Juul Labs' patents, you immediately stop selling them."** (emphasis in original)

- "Again, Juul Labs is actively trying to stem the flow of infringing and non-FDA compliant, Juul-compatible products that are being imported into and sold in the United States."

- "…Ziip already has stipulated that Juul Labs established infringement of all of the patent claims it has asserted against Ziip in both investigations."

- "For clarity, Ziip's stipulation of infringement covers claims 1-3, 5-8, 12, 13, 16-20, and 22 of U.S. Patent No. 10,058,129; claims 1, 9, 10, 15, 17, and 29-32 of U.S. Patent No. 10,104,915; claims 1-4, 7, 8, 10, and 11 of U.S. Patent No. 10,111,470; claims 1-7, and 9-20 of U.S. Patent No. 10,117,465; claims 1, 4-8, 10, 12, and 16-23 of U.S. Patent No. 10,117,466; claims 1, 2, 4, 5, 7, 8, 10, 12, 13, 16, 17, 20 and 21 of U.S. Patent No. 10,070,669; claims 1-4, 9-11, 13, 14, 19-21, 24, 28, and 29 of U.S. Patent No. 10,076,139;

claims 1-3, 5-9, 12, and 17-20 of U.S. Patent No. 10,045,568; claims 1, 2, 4-6, 8-10, 16, 19, 21, and 27 of U.S. Patent No. 10,058,130; and claims 1-4, 6, 9, 11, 12, 18-23, and 27 of U.S. Patent No. 10,104,915."

- "Your continued sales of Juul-compatible products manufactured by Ziip-particularly when Ziip has admitted to infringement of Juul Labs patent rights- may be actionable under the U.S. Patent Act, 35 U.S.C. § 271, which establishes liability for the sale of products that infringe valid U.S. patents.

39.    No "Juul-compatible" products other than Ziip products are referenced in at least one and, upon information and belief, each of the Juul Letters.

40.    Ziip did not stipulate that all Juul-compatible cartridges manufactured by Ziip infringe all of the patent claims asserted in the ITC investigations nor did it admit to infringement of Juul Labs patent rights.

41.    Rather, Ziip stipulated that it would not oppose, for purposes of the ITC investigations only, that the accused Ziip products contain or perform the limitations of the asserted claims.

42.    Further, Ziip stipulated that it would not contest, for purposes of the ITC investigations only, a summary judgment motion (referred to as summary determination motion in an ITC investigation) of infringement that the accused Ziip products.

43.    The Infringement Statements are therefore untrue and misled Ziip customers and/or third parties that received a Juul Letter into believing that Ziip stipulated to infringement and that Ziip infringes claims of a valid patent.

44.    In fact, Investigative Attorney for the ITC, Paul Gennari, raised concerns in the ITC investigations that the very "stipulation" of infringement that Juul states in its letter is improper.

45.    The stipulation regarding U.S. Patent No. 10,0658,130 in the ITC investigations states that, "[t]he stipulations made herein may not be used for any purpose other than establishing that Complainant has

met its evidentiary burden with respect to the Ziip Respondents' Accused Products' infringement of the claims or claim limitations listed above in [the Investigation]."

46.     The other stipulations in the ITC investigations state only that, "[t]he stipulations made herein may not be used for any purpose other than establishing that Complainant has met its evidentiary burdens with respect to the matters listed above in [the Investigation]."

47.     Juul's statements in each of the Juul Letters improperly relies upon the stipulations for purposes precluded by Juul's own agreement to the stipulation.

48.     Indeed, the express requirement that the stipulations may not be used for any purpose other than establishing Juul has met its evidentiary burden in the ITC investigations was specifically included to avoid a situation where false and misleading statements, including the Infringement Statements, were used outside of the ITC investigations to deceive, mislead, and confuse third parties, such as Ziip's customers and prospective customers.

49.     Indeed, referencing the stipulations outside of the ITC investigations, even if accurately done (which Juul did not do) and even if qualified, is highly likely to confuse a lay person (one not well versed in patent law) because, for example, a lay person is unable to appreciate that a stipulation is not an admission of liability.

50.     At least some of the recipients of the Juul Letter interpreted the Infringement Statements as Ziip admitting to patent infringement and/or liability for patent infringement.

51.     The Infringement Statements are false and misleading statements intended to harass and confuse the letter's recipients into ceasing doing business with Ziip. They falsely and misleadingly state and imply that Ziip stipulated to infringement and is liable for infringement regarding Ziip's accused products.

52.     Ziip contests the validity of each and every patent claim that Juul has accused Ziip of infringing in the ITC Investigations.

53.     It is axiomatic that there can be no infringement of an invalid patent.

54.     Ziip does not infringe any asserted claim of any Juul patent at issue in the ITC investigations because these claims are invalid.

55.     Moreover, it is clear that one intent of each of the Juul Letters is to put the recipient on notice that Juul may come after that recipient next for patent infringement in an attempt to induce and threaten the recipients into ending purchases from Ziip.

56.     The Infringement Statements mislead the letter recipient into believing there is no defense to alleged infringement available to them because Ziip stipulated to infringement of the Juul patents, and thus they must comply with Juul's demands.

57.     The Juul Letters go so far as request confirmation in writing that the recipients will no longer sell or purchase Ziip products and that the recipients provide Juul a list of customers the recipients have sold Ziip products to.

58.     At least one and, upon information and belief, each Juul Letter also states, "[The Patent Act] does not require that you had knowledge of Juul Labs' patents to find you liable for infringement."

59.     Infringement under 35 U.S.C. § 271 (b) and (c) requires knowledge of the asserted patent to find an accused infringer liable for infringement.

60.     At least some letter recipients could raise lack of knowledge as a defense because Juul would need to raise theories of indirect patent infringement against such recipients.

61.     Therefore, this statement is false and misleading because the statement depends on which Juul patents are asserted, which products the recipient sells, and which part of 35 U.S.C. § 271 is being asserted.

62.     At least one and, upon information and belief, each Juul Letter also put the recipient on notice of its own potential lability for infringement of Juul Labs' patents by selling Ziip-made Juul-compatible cartridges.

63. This notice is misleading as it provides the false impression, in the context of the letter, that if Juul is successful in the ITC investigations, each individual letter recipient will not have the ability to assert its own defenses and arguments against any alleged infringement.

<u>The FDA Statements</u>

64. At least one and, upon information and belief, each Juul Letter makes the following statements (herein the "FDA Statements"):

- "Again, Juul Labs is actively trying to stem the flow of infringing and non-FDA compliant, Juul-compatible products that are being imported into and sold in the United States."

- "Juul Labs believes that Ziip-made 'Juul-compatible' cartridges do not comply with the FDA's deeming rule, and therefore their sale in the United States may be in violation of law and you may face regulatory liability."

- "The FDA may view your continuing sale of Ziip-made 'Juul-compatible' cartridges and other undeemed, Juul-compatible cartridges as directly exacerbating that problem."

65. The FDA statements are untrue, false, and misleading at least because they are likely to deceive the letter recipient into believe that it may face regulatory liability from the FDA and/or may be violating the law for continuing to sell and/or conduct business with Ziip.

66. These statements are particularly misleading as they are being made on Juul's behalf, and at Juul's direction, by Juul's attorneys.

67. There is no finding by any regulatory body that selling Ziip's Juul-compatible products may be in violation of law.

68. The FDA statements are also false and misleading because they allege that Ziip's Juul-compatible products are "non-FDA compliant."

69. The FDA has not stated that Ziip's Juul-compatible products are "non-FDA compliant."

70.     The  FDA statements are also false and misleading because they imply that Ziip provides "undeemed, Juul-compatible cartridges" and they deceive the letter recipient into believing it is selling an undeemed product from Ziip.

71.     There is no finding by the FDA or any regulatory body that Ziip provides "undeemed, Juul-compatible cartridges."

72.     Indeed, even the New Jersey District Court stated that, "Juul Labs told the FDA that the defendants are violating their deeming regulation, and the FDA has not taken any action to date."

73.     Upon information and belief, none of the Juul Letters makes mention of this statement from the New Jersey District Court.

74.     At a minimum, Ziip's customers and prospective customers, including the letter recipients, are misled by the FDA statements into believing that they are selling a "non-FDA compliant" product that the FDA does not approve of and that, by doing so, the letter recipient may be breaking the law.

<u>The Minors Statement</u>

75.     At least one and, upon information and belief, each Juul Letter makes the following statement (herein the "Minors Statement"):

- "The FDA may view your continuing sale of Ziip-made 'Juul-compatible' cartridges and other undeemed, Juul-compatible cartridges as directly exacerbating that problem. And that may put the entire industry at risk."

76.     Before the Minors Statement, but in the same paragraph, at least one but, on upon information and belief, each of the Juul Letters states that the sale of Ziip-made Juul-compatible products in the United States may be in violation of the law, that the letter recipient may face regulatory liability, and that "the FDA is particularly concerned that electronic nicotine delivery systems are being used by minors."

77.     The Minors Statement is false and misleading at least because it implies that the sale of Ziip made Juul-compatible products "exacerbates" the problem of electronic nicotine delivery systems being used by minors.

78.     The Minors Statement falsely misleads the letter recipient into believing that it may be liable for breaking the law or face regulatory liability simply for selling Ziip products.

79.     The Minors Statement misleadingly implies that the FDA believes Ziip is a primary cause of any FDA concern with use of electronic nicotine delivery systems by minors.

80.     The Minors Statements is also false and misleading because it improperly misleads the letter recipient to believe that the entire industry may be at risk if it continues to sell Ziip products or continues to conduct business with Ziip.

## ZIIP IS BEING HARMED AND ITS BUSINESS IS BEING IMPROPERLY INTERFERED WITH

81.     Ziip is suffering immediate and substantial harm as a result of the false and misleading statements in the Juul Letters.

82.     Following receipt of the Juul Letters, at least some Ziip customers have indicated that they will no longer be stocking or selling Ziip products based on the Juul Letter. A partial copy of examples of customer emails are attached as Exhibit 2.

83.     Ziip has lost significant sales since the Juul Letters were sent.

84.     In the short time since the Juul Letters have been sent, millions of dollars of Ziip business has been affected as a result of the Juul Letters.

85.     Juul has improperly and unjustifiably interfered with Ziip's business and relationships with its customers and prospective customers.

86.     Moreover, Ziip has also suffered harm to its reputation and a loss of goodwill with customers.

**COUNT I**

**(False Advertising in Violation of The Lanham Act by Juul)**

87.     Ziip incorporates by reference all of the preceding paragraphs as though fully set forth herein.

88.     This cause of action arises out of Juul's knowing and willfully false and misleading statements in its Juul Letters to third parties including Ziip customers.

89.     Juul has made and, upon information and belief continues to make, at least the following false or misleading statements through its letters to Ziip customers and potential customers: the Infringement Statements, the FDA statements, and/or the Minors Statement.

90.     The Infringement Statements are untrue and misleading.

91.     The FDA statements are untrue and misleading.

92.     The Minors Statement is untrue and misleading.

93.     Juul communicated these false and misleading statements through at least its Juul Letters to Ziip customers and potential customers throughout the United States, thereby affecting interstate commerce.

94.     Upon information and belief, in the Juul Letters, Juul's Infringement Statements at a minimum mislead potential and existing Ziip customers into believing Ziip stipulated to infringement of the claims of the Juul patents at issue in the ITC action, that Ziip is liable for infringement of a valid, enforceable Juul patent, that each letter recipient has no defense to alleged infringement of Juul patents available to them, and that they must comply with Juul's demands.

95.     These statements were misleading and false at least because they convey a false impression that Ziip is liable for infringement of any Juul patent in the ongoing ITC investigations between Ziip and Juul.

96.     These statements were misleading and false at least because they convey a false impression that Ziip infringes valid, enforceable Juul patents.

97.     Upon information and belief, in the Juul Letters, Juul's FDA Statements at a minimum mislead potential and existing Ziip customers into believing that Ziip is importing "non-FDA compliant, Juul-compatible products," that Ziip is providing undeemed, Juul-compatible products, and/or that the letter recipient may be violating the law and/or face regulatory liability.

98.     Upon information and belief, in the Juul Letters, Juul's Minors Statement at a minimum misleads potential and existing Ziip customers into believing that the sale of Ziip made Juul-compatible products "exacerbates" the problem of electronic nicotine delivery systems being used by minors, implies that the FDA believes Ziip is a primary cause of any FDA concern with use by minors, and leaves the recipient with the false impression that the entire industry may be at risk if they continue to sell Ziip products or do business with Ziip.

99.     Juul's deception has a material effect on the purchasing decisions of Ziip customers and prospective customers at least because the Infringement Statements, FDA Statements, and Minors Statement are untrue and/or, at a minimum, mislead the Ziip's customers and prospective customers to falsely believe that Ziip is liable for infringement of Juul patents, Ziip is not in compliance with FDA regulations, and/or the sale of Ziip product "exacerbates" the problem of electronic nicotine delivery systems being used by minors.

100.    Juul's deception also has a material effect on the purchasing decisions of Ziip customers and prospective customers at least because these representations are further used to enhance threats of legal action against Ziip's customers and prospective customers, require a response acknowledging that the recipient will no longer distribute the identified Ziip-manufactured products, and/or are intended to induce Ziip's customers and prospective customers from doing business with Ziip.

101.    Juul's misrepresentations have caused and will continue to cause Ziip to lose goodwill, sales, orders, and business of both existing and future Ziip customers.

102.   In the short time since the letters have been sent, millions of dollars of Ziip business has been affected as a result of Juul's Juul Letters.

103.   Juul has intentionally and deliberately made these misrepresentations at least through their Juul Letters sent to third parties including Ziip's customers and potential customers.

104.   Ziip has suffered substantial damages as a result of Juul's misrepresentations – damages that could reach over one hundred million dollars.  Ziip has been, and will continue to be, injured as a result of Juul's misrepresentations. As a result of Juul's misrepresentations, Ziip will suffer severe and irreparable harm, unless the misrepresentations are enjoined by this Court.

**COUNT II**

**(Intentional Interference with Prospective Business Relationships By Juul)**

105.   Ziip incorporates by reference all of the preceding paragraphs as though fully set forth herein.

106.   Ziip has or had established legitimate business and economic relationships with its customers. These customers include at least distributors who buy Ziip products and then resell them in the United States.

107.   Ziip reasonably expected to continue to sell its products to its established customers and/or prospective customers.

108.   Juul was aware of these established business and economic relationships at least through being a competitor of Ziip and the fact that it sent letters to the individuals with such established business relationships.

109.   Upon information and belief, Juul was also aware of these business and economic relationships through confidential discovery in the ITC investigations referenced in the Juul Letters.

110.   Juul intentionally, and without justification, wrongly interfered with Ziip's business relationships by making false and misleading statements intended to mislead Ziip's customers into ceasing business with Ziip, including the purchase of any Ziip product, and instead purchasing Juul's products.

111.    These false and misleading statements include, among other things, the Infringement Statements, the FDA statements, and/or the Minors Statement in each Juul Letter.

112.    The Infringement Statements are untrue and misleading.

113.    The FDA statements are untrue and misleading.

114.    The Minors Statement is untrue and misleading.

115.    Upon information and belief, Juul's false and misleading Infringement Statements were calculated to falsely induce Ziip's customers into believing that Ziip stipulated to infringement of the claims of the Juul patents at issue in the ITC action, that Ziip is liable for infringement of a valid, enforceable Juul patent, that each Juul Letter recipient has no defense to alleged infringement of Juul patents available to them, and that they must comply with Juul's demands.

116.    Upon information and belief, Juul's false and misleading FDA Statements were calculated to falsely induce Ziip's customers into believing that Ziip is importing "non-FDA compliant, Juul-compatible products," that Ziip is providing undeemed, Juul-compatible products, and/or that the letter recipient may be violating the law and/or face regulatory liability.

117.    Upon information and belief, Juul's false and misleading Minors Statement was calculated to falsely induce Ziip's customers into believing that that the sale of Ziip made Juul-compatible products "exacerbates" the problem of electronic nicotine delivery systems being used by minors, implies that the FDA believes Ziip is a primary cause of any FDA concern with use by minors, and leaves the recipient with the false impression that the entire industry may be at risk if they continue to sell Ziip products or do business with Ziip.

118.    At a minimum, upon information and belief Juul knew that a disruption in Ziip's established business and economic relationships with recipients of the Juul Letters was likely as a result of the false and misleading statements in the Juul Letters.

119.   Ziip customers have relied on these false and misleading statements and declined to continue purchasing Ziip products from Ziip as a result of Juul's false and misleading statements. [Exhibit 2].

120.   Ziip would have continued to supply products to Ziip's customers absent Juul's intentional and unjustified interference with its business relationships.

121.   As a result of Juul's actions, Ziip has suffered and will continue to suffer irreparable harm and damages, including but not limited to loss of goodwill and loss of profit and sales, as a consequence of this interference.

**COUNT III**

**(Negligent Interference with Prospective Business Relationships By Juul)**

122.   Ziip incorporates by reference all of the preceding paragraphs as though fully set forth herein.

123.   Ziip has or had established legitimate business and economic relationships with its customers. These customers include at least distributors who buy Ziip products and then resell them in the United States.

124.   Ziip reasonably expected to continue to sell its products to its established customers and/or prospective customers.

125.   Juul knew or should have known of these established business and economic relationships at least through being a competitor of Ziip and the fact that it sent letters to the individuals with such established business relationships.

126.   Upon information and belief, Juul was also aware of these business and economic relationships through discovery in the ITC investigations referenced in the Juul Letters.

127.   Juul intentionally, and without justification, wrongly interfered with Ziip's business relationships by making false and misleading statements intended to mislead Ziip's customers into ceasing business with Ziip, including the purchase of any Ziip product, and instead purchasing Juul's medical devices.

128.     These false and misleading statements include, among other things, the Infringement Statements, the FDA statements, and/or the Minors Statement in each Juul Letter.

129.     The Infringement Statements are untrue and misleading.

130.     The FDA statements are untrue and misleading.

131.     The Minors Statement is untrue and misleading.

132.     Upon information and belief, Juul's false and misleading Infringement Statements were calculated to falsely induce Ziip's customers into believing that Ziip stipulated to infringement of the claims of the Juul patents at issue in the ITC action, that Ziip is liable for infringement of a valid, enforceable Juul patent, that each letter recipient has no defense to alleged infringement of Juul patents available to them, and that they must comply with Juul's demands.

133.     Upon information and belief, Juul's false and misleading FDA Statements were calculated to falsely induce Ziip's customers into believing that Ziip is importing "non-FDA compliant, Juul-compatible products," that Ziip is providing undeemed, Juul-compatible products, and/or that the letter recipient may be violating the law and/or face regulatory liability.

134.     Upon information and belief, Juul's false and misleading Minors Statement was calculated to falsely induce Ziip's customers into believing that that the sale of Ziip made Juul-compatible products "exacerbates" the problem of electronic nicotine delivery systems being used by minors, implies that the FDA believes Ziip is a primary cause of any FDA concern with use by minors, and leaves the recipient with the false impression that the entire industry may be at risk if they continue to sell Ziip products or do business with Ziip.

135.     At a minimum, upon information and belief Juul knew that a disruption in Ziip's established business and economic relationships with recipients of the Juul Letters was likely as a result of the false and misleading statements in the Juul Letters.

136.    Juul failed to act with reasonable care when it sent the Juul Letters to Ziip's customers and prospective customers.

137.    Ziip customers have relied on these false and misleading statements and have declined to continue purchasing Ziip products from Ziip as a result of Juul's false and misleading statements.  [Exhibit 2].

138.    Ziip would have continued to supply products to Ziip's customers absent Juul's intentional and unjustified interference with its business relationships.

139.    As a result of Juul's actions, Ziip has suffered and will continue to suffer irreparable harm and damages, including but not limited to loss of goodwill and loss of profit and sales, as a consequence of this interference.

**COUNT IV**

**(Trade Libel in Violation of California Law by Juul)**

140.    Ziip incorporates by reference all of the preceding paragraphs as though fully set forth herein.

141.    This cause of action arises out of Juul's knowing and willfully false statements in its Juul Letters to third parties including Ziip customers.

142.    Juul has made and, upon information and belief continues to make, at least the following false statements through its letters to Ziip customers and potential customers: the Infringement Statements, the FDA statements, and/or the Minors Statement.

143.    The Infringement Statements are untrue.

144.    The FDA statements are untrue.

145.    The Minors Statement is untrue.

146.    One would clearly understand that these false statements disparage the quality of Ziip's products including the products listed in the attachment to the Juul Letters.

147.    These false statements were disseminated to Ziip's customers and prospective customers.

148.    Juul knew, or should have known, that Ziip's customers and prospective customers might rely on these false statements in making purchasing decisions and/or doing business with Ziip.

149.    Ziip has suffered direct financial harm as a result of its customers relying on these false statements.

150.    In the short time since the letter has been sent, millions of dollars of Ziip business has been affected as a result of Juul's Juul Letters.

151.    In fact, Ziip customers have declined to continue purchasing Ziip products from Ziip as a result of Juul's false statements.   [Exhibit 2].

152.    Ziip would have continued to supply products to Ziip's customers absent Juul's false statements to Ziip's customers.

153.    As a result of Juul's actions, Ziip has suffered and will continue to suffer irreparable harm and damages, including but not limited to loss of goodwill and loss of profit and sales, as a consequence of these false statements.

## COUNT V

### (False Advertising in Violation of California's False Advertising Competition Law Cal. Bus. & Prof. Code § 17500 *et seq.* by Juul)

154.    Ziip incorporates by reference all of the preceding paragraphs as though fully set forth herein.

155.    Juul knowingly and willfully made false and misleading statements in its Juul Letters to third parties including Ziip customers.

156.    Juul has made and, upon information and believe continues to make, at least the following false or misleading statements through its letters to Ziip customers and potential customers: the Infringement Statements, the FDA statements, and/or the Minors Statement.

157.    The Infringement Statements are untrue and misleading.

158.    The FDA statements are untrue and misleading.

159.   The Minors Statement is untrue and misleading.

160.   Juul communicated these false and misleading statements through at least its Juul Letters to Ziip customers and potential customers throughout the United States.

161.   Upon information and belief, in the Juul Letters, Juul's Infringement Statements at a minimum mislead potential and existing Ziip customers into believing Ziip stipulated to infringement of the claims of the Juul patents at issue in the ITC action, that Ziip is liable for infringement of a valid, enforceable Juul patent, that each letter recipient has no defense to alleged infringement of Juul patents available to them, and that they must comply with Juul's demands.

162.   These statements were misleading and false at least because they convey a false impression that Ziip is liable for infringement of any Juul patent in the ongoing ITC investigations between Ziip and Juul.

163.   These statements were misleading and false at least because they convey a false impression that Ziip infringes valid, enforceable Juul patents.

164.   Upon information and belief, in the Juul Letters, Juul's FDA Statements at a minimum mislead potential and existing Ziip customers into believing that Ziip is importing "non-FDA compliant, Juul-compatible products," that Ziip is providing undeemed, Juul-compatible products, and/or that the letter recipient may be violating the law and/or face regulatory liability.

165.   Upon information and belief, in the Juul Letters, Juul's Minors Statement at a minimum mislead potential and existing Ziip customers into believing that the sale of Ziip made Juul-compatible products "exacerbates" the problem of electronic nicotine delivery systems being used by minors, implies that the FDA believes Ziip is a primary cause of any FDA concern with use by minors, and leaves the recipient with the false impression that the entire industry may be at risk if they continue to sell Ziip products or do business with Ziip.

166.   Juul's deception has a material effect on the purchasing decisions of Ziip customers and prospective customers at least because the Infringement Statements, FDA Statements and Minors Statement are untrue and/or, at a minimum, mislead the Ziip's customers and prospective customers to falsely believe that Ziip is liable for infringement of Juul patents, Ziip is not in compliance with FDA regulations, and/or the sale of Ziip product "exacerbates" the problem of electronic nicotine delivery systems being used by minors.

167.   Juul's deception also has a material effect on the purchasing decisions of Ziip customers and prospective customers at least because these representations are further used to enhance threats of legal action against Ziip's customers and prospective customers, require a response acknowledging that the recipient will no longer distribute the identified Ziip-manufactured products, and/or are intended to induce Ziip's customers and prospective customers from doing business with Ziip.

168.   Juul's misrepresentations have caused and will continue to cause harm Ziip including at least lost goodwill, sales, orders, and business of both existing and future Ziip customers.

169.   In fact, Ziip customers have declined to continue purchasing Ziip products from Ziip as a result of Juul's false statements.   [Exhibit 2].

170.   Juul intends to cause additional unlawful damage to Ziip's business by requesting the recipients of the Juul Letters to send them on to additional third parties.

171.   Ziip has suffered substantial harm as a result of Juul's misrepresentations. Ziip has been, and will continue to be, injured as a result of Juul's misrepresentations.  As a result of Juul's misrepresentations, Ziip will suffer severe and irreparable harm, unless the misrepresentations and Juul's actions are enjoined by this Court.

### COUNT VI

**(Unfair Competition in Violation of California's Unfair Competition Law
Cal. Bus. & Prof. Code § 17200 *et seq.* by Juul)**

172.     Ziip incorporates by reference all of the preceding paragraphs as though fully set forth herein.

173.     Juul knowingly and willfully made false and misleading statements in its Juul Letters to third parties including Ziip customers.

174.     Juul has made and, upon information and believe continues to make, at least the following false or misleading statements through its letters to Ziip customers and potential customers: the Infringement Statements, the FDA statements, and/or the Minors Statement.

175.     Juul communicated these false and misleading statements through at least its Juul Letters to Ziip customers and potential customers throughout the United States.

176.     Upon information and belief, in the Juul Letters, Juul's Infringement Statements at a minimum mislead potential and existing Ziip customers into believing Ziip stipulated to infringement of the claims of the Juul patents at issue in the ITC action, that Ziip is liable for infringement of a valid, enforceable Juul patent, that each letter recipient has no defense to alleged infringement of Juul patents available to them, and that they must comply with Juul's demands.

177.     These statements were misleading and false at least because they convey a false impression that Ziip is liable for infringement of any Juul patent in the ongoing ITC investigations between Ziip and Juul.

178.     These statements were misleading and false at least because they convey a false impression that Ziip infringes any valid, enforceable Juul patent.

179.     Upon information and belief, in the Juul Letters, Juul's FDA Statements at a minimum mislead potential and existing Ziip customers into believing that Ziip is importing "non-FDA compliant, Juul-compatible products," that Ziip is providing undeemed, Juul-compatible products, and/or that the letter recipient may be violating the law and/or face regulatory liability.

180.     Upon information and belief, in the Juul Letters, Juul's Minors Statement at a minimum mislead potential and existing Ziip customers into believing that the sale of Ziip made Juul-compatible

products "exacerbates" the problem of electronic nicotine delivery systems being used by minors, implies that the FDA believes Ziip is a primary cause of any FDA concern with use by minors, and leaves the recipient with the false impression that the entire industry may be at risk if they continue to sell Ziip products or do business with Ziip.

181.    Juul's deception has a material effect on the purchasing decisions of Ziip customers and prospective customers at least because the Infringement Statements, FDA Statements and Minors Statement are untrue and/or, at a minimum, mislead the Ziip's customers and prospective customers to falsely believe that Ziip is liable for infringement of Juul patents, Ziip is not in compliance with FDA regulations, and/or the sale of Ziip product "exacerbates" the problem of electronic nicotine delivery systems being used by minors.

182.    Juul's deception also has a material effect on the purchasing decisions of Ziip customers and prospective customers at least because these representations are further used to enhance threats of legal action against Ziip's customers and prospective customers, require a response acknowledging that the recipient will no longer distribute the identified Ziip-manufactured products, and/or are intended to induce Ziip's customers and prospective customers from doing business with Ziip.

183.    Juul's false and misleading statements through its Juul Letters to Ziip's customers and prospective customers are unlawful and unfair business activities.

184.    Juul's misrepresentations have caused and will continue to cause harm Ziip including at least lost goodwill, sales, orders, and business of both existing and future Ziip customers.

185.    Juul intends to cause additional unlawful damage to Ziip's business by requesting the recipients of the Juul Letters to send them on to additional third parties.

186.    In fact, Ziip customers have declined to continue purchasing Ziip products from Ziip as a result of Juul's false statements.   [Exhibit 2].

187.    Ziip has suffered substantial harm as a result of Juul's misrepresentations. Ziip has been, and will continue to be, injured as a result of Juul's misrepresentations.  As a result of Juul's misrepresentations, Ziip will suffer severe and irreparable harm, unless the misrepresentations and Juul's actions are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Ziip requests that the Court enter judgment in its favor against Juul for the following relief:

A.    A preliminary and permanent injunction enjoining Juul, its officers, directors, agents, servants, attorneys, employees and those persons in active concert or participation with Juul, from making false and misleading statements;

B.    An award of Juul's profits because of Juul's false and misleading statements pursuant to 15 U.S.C. § 1117(a);

C.    An award of damages adequate to compensate Ziip for Juul's false and misleading advertisements including, but not limited to, actual damages, lost profits, lost sales, loss of goodwill, and/or the cost of corrective advertisements;

D.    An order for a trebling of damages and/or exemplary damages because of Juul's false and misleading statements pursuant 15 U.S.C. § 1117(a);

E.    A preliminary and permanent injunction enjoining Juul, its officers, directors, agents, servants, attorneys, employees and those persons in active concert or participation with Juul, from interfering with Ziip's business relationships;

F.    An award of damages adequate to compensate Ziip for Juul's intentional and/or negligent interference;

G.     A preliminary and permanent injunction enjoining Juul, its officers, directors, agents, servants, attorneys, employees and those persons in active concert or participation with Juul, from unfairly competing by making false and misleading statements;

H.     A preliminary and permanent injunction enjoining Juul, its officers, directors, agents, servants, attorneys, employees and those persons in active concert or participation with Juul, from making libelous false statements;

I.     An award of damages adequate to compensate Ziip for the trade libel by Juul;

J.     An award to Ziip of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 15 U.S.C. § 1117(a), Juul's intentional and negligent interference, libelous statements, and Juul's violations of the UCL and FAL;

K.     An award of pre-judgment and post-judgment interest and costs of this action; and

L.     Such other and further relief that this Court deems just and proper.


DATED:  June 11, 2019                    LEWIS KOHN & WALKER, LLP


                                        By:  /s/ *Kent M. Walker*
                                        _____
                                        KENT M. WALKER
                                        kwalker@lewiskohn.com
                                        15030 Avenue of Science, Suite 201
                                        San Diego, CA 92128
                                        Phone: (858) 436-1333

                                        CARLSON, GASKEY & OLDS, P.C.
                                        Steven Susser, Esq.
                                        Timothy J. Murphy, Esq.
                                        Alex Szypa, Esq.
                                        To seek pro hac vice admittance
                                        400 West Maple Road, Suite 350
                                        Birmingham, MI 48009
                                        (248) 988-8360 (Telephone)

                                        Attorneys for Plaintiffs, ZLab S.A.,
                                        SS Group Holdings, & Shenzen Yibo Tech. Co

## DEMAND FOR TRIAL BY JURY

Ziip demands a trial by jury on all issues so triable.

DATED:  June 11, 2019                    LEWIS KOHN & WALKER, LLP


By:  /s/ *Kent M. Walker*
_____
   KENT M. WALKER
   kwalker@lewiskohn.com
   15030 Avenue of Science, Suite 201
   San Diego, CA 92128
   Phone: (858) 436-1333

   CARLSON, GASKEY & OLDS, P.C.
   Steven Susser, Esq.
   Timothy J. Murphy, Esq.
   Alex Szypa, Esq.
   To seek pro hac vice admittance
   400 West Maple Road, Suite 350
   Birmingham, MI 48009
   (248) 988-8360 (Telephone)

   Attorneys for Plaintiffs, ZLab S.A.,
   SS Group Holdings, & Shenzen Yibo Tech. Co